# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| FRANK ROBERT FINERAN, et al | CIVIL ACTION |
|---|---|
| VERSUS | NO: 07-7151-ILRL-SS |
| SCOTTSDALE INSURANCE COMPANY | |

## <u>ORDER</u>

SCOTTSDALE'S MOTION FOR CONTEMPT, SANCTIONS AND REQUEST FOR REPORT RECOMMENDING DISMISSAL FOR FAILURE TO PROSECUTE (Rec. doc. 34)

**GRANTED IN PART AND DENIED IN PART**

On January 15, 2009 and in response to the second motion of the defendant, Scottsdale Insurance Company ("Scottsdale"), to compel, an order was issued requiring Harriet Campbell Young ("Young"), the executrix for the Succession of Robert J. Fineran ("Succession"), and Frank Fineran to take certain action. Rec. doc. 29. In response, Young filed two affidavits. Rec. docs. 30 and 39. On February 19, 2009, Scottsdale filed a motion for sanctions and a request for a recommendation of dismissal for failure to prosecute. Rec. doc. 34.

On January 26, 2009, Robert Green enrolled as counsel for Frank Fineran. Rec. docs. 31 and 33. In his capacity as counsel for Frank Fineran, Green: (1) requested additional time to respond to Scottsdale's motion (Rec. doc. 36); (2) served responses to Scottsdale's discovery to Frank Fineran (Rec. doc. 34 (Exhibit 7)); and (3) filed an opposition to Scottsdale's motion for contempt (Rec. doc. 41). On March 17, 2009, Green moved to withdraw as a counsel for Frank Fineran. Rec. docs. 42 and 43. The District Judge granted the motion with the proviso that, "[p]laintiff is advised that he has until April 20, 2009 to enroll new counsel. Failure to do so may result in possible

sanctions, including dismissal of claims." Rec. doc. 44.[1]

Scottsdale's motion and the responses from Young and Frank Fineran raise the following issues:

   A.   Did Young comply with the January 15, 2009 order?

   B.   Which action was dismissed on December 5, 2008? Associated with this issue is whether Young is required to file a motion to withdraw as counsel for the Succession.

   C.   Did Frank Fineran comply with the January 15, 2009 order?

1. Did Young comply with the January 15, 2009 order?

Young was ordered to transmit copies of the order to Frank Fineran and others and report communications from them. Young submitted affidavits demonstrating compliance with this portion of the order, including receipt of a February 2, 2009 voice mail from Frank Fineran requesting documents. Rec. docs. 30 and 39.

The only issue raised by Scottsdale concerns the post-Hurricane Katrina repairs to the improvements at the 307 Copal Street, Mandeville, Louisiana. In her opposition to Scottsdale's second motion to compel, Young represented that she would provide Scottsdale with certain information, rec. doc. 25 at 6, and she was thereafter ordered to do so. Rec. doc. 29 at 5. In her first affidavit she reported that this information was sent to Scottsdale on January 5, 2009. Rec. doc. 30. Scottsdale contends that it did not receive any supplemental records from Young related to the repairs. Rec. doc. 34 at 9. Young responds that she has produced all documents in her possession, custody or control which are responsive to Scottsdale's requests. Rec. doc. 40.

---

[1] An attorney telephoned the undersigned's office and reported that Frank Fineran asked him to represent him in this action. The attorney reported that he was unwilling to make a decision on the representation until there was a ruling on Scottsdale's motion for sanctions.

2

The undersigned finds that Young complied with the January 15, 2009 order. Scottsdale's motion for sanctions is denied as to Young.

2.  The December 22, 2005 order of dismissal.

Robert J. Fineran was an attorney who maintained a law practice and residence at the Copal Street property. On May 5, 2003, Robert J. Fineran died and a succession proceeding was opened. Young was the executrix and attorney for the Succession. Frank R. Fineran was the universal legatee. Rec. doc. 23 (Exhibit 2).

On August 22, 2007, Frank Robert Fineran and the Succession of Robert Fineran filed a petition against Scottsdale in St. Tammany Parish for Hurricane Katrina damages to the Copal Street property. On October 22, 2007, this action was removed to federal court. Rec. doc. 1. Geoffrey H. Longenecker was counsel for Frank Fineran and the Succession. Id. The case was assigned 07-7151.

On August 27, 2007, Young filed a petition in St. Tammany Parish, which was captioned "Succession of Robert J. Fineran v. Scottsdale Insurance Company" for Hurricane Katrina damages to the Copal Street property. It was removed to federal court and assigned 07-9716.

On February 15, 2008, Scottsdale's motion to consolidate was granted. Rec. docs. 6 and 7. On May 5, 2008, there was a scheduling conference in which Longenecker participated for the plaintiffs. Young did not participate. The trial was set for December 8, 2008. Rec. doc. 10. On August 25, 2008, Longenecker, on behalf of Frank Robert Fineran and the Succession, moved for a continuance of the trial reporting that he had colon cancer. Rec. doc. 13. There was a scheduling conference in which both Longenecker and Young participated. The trial was continued to August 17, 2009. Rec. doc. 19.

On November 24, 2008, a judgment of partial possession was filed in state court in the

3

Succession. Frank Fineran was placed in possession of the Copal Street property and he assumed any debts, including the mortgage on the property. Rec. doc. 25 (Attachment). On December 10, 2008, a supplemental judgment of possession was filed in state court in the Succession. Frank Fineran was "placed into possession of any interest that the Succession of Robert Fineran may have in litigation against Scottsdale Insurance Company arising from Hurricane Katrina damages." Rec. doc. 40 (Exhibit 2).

On December 1, 2008, Frank Fineran and the Succession, through their counsel Longenecker, filed an *ex parte* motion to dismiss 07-9716 without prejudice to the claims asserted in 07-7151. Young did not sign the motion. Rec. doc. 21. On December 5, 2008, the District Judge ordered that "case number 07-9716 be dismissed without prejudice to the claims asserted in case number 07-7151." Rec. doc. 21.

Unfortunately Longenecker died in January 2009.

Scottsdale's first motion to compel was granted without any opposition from either Longenecker or Young. Rec. doc. 20. Scottsdale sent letters to Longenecker on February 11, 2008, June 13, 2008, July 22, 2008 and July 29, 2008. Rec. doc. 11 (Exhibits B-D and F). On June 18, 2008, Longenecker, on behalf of Frank Robert Fineran and the Succession, served responses to the discovery. Rec. doc. 11(Exhibit E). Scottsdale's first motion to compel does not indicate that it had any communications with Young concerning the discovery.

On November 24, 2008, Young served responses to Scottsdale's discovery to the Succession. Rec. doc. 23 (Exhibit 2). On December 11, 2008, Scottsdale described deficiencies in Young's responses. Id (Exhibit 3). Young filed an opposition to Scottsdale's second motion to compel. Rec. doc. 25. Longenecker did not file an opposition.

4

The January 15, 2009 discovery order provides, in part, that if Young contends that the Succession should be dismissed as a party defendant, she must file a motion to dismiss, and if she contends that she should be permitted to withdraw as co-counsel for the Succession, then she must withdraw in accord with the Local Rules. Rec. doc. 29 at 6.

In response to Scottsdale's motion for contempt, Young contends that the proceeding filed by her (07-9716) was dismissed. She urges that, as result of the judgments of possession and the dismissal of 07-9716, neither she nor the Succession any longer have an interest in the federal court litigation. She argues that because of the dismissal of 07-9716, she should not be required to file a motion to withdraw. Rec. doc. 40. Robert Green filed a memorandum which concurred in Young's position. Rec. doc. 41.

Scottsdale responds that: (1) it understood that Longenecker intended to dismiss 07-7151, the action he filed; (2) it understood from Longenecker that he believed that Young was the proper party to assert the Katrina claims; (3) it appears that Longenecker was not aware of the judgments of possession; (4) Young did not consent to the dismissal of the suit she filed on behalf of the Succession; (5) if Frank Fineran now wants to now be substituted as the plaintiff in Young's case, he may do so; (6) Young's lawsuit is the proper lawsuit; and (7) Longenecker's lawsuit is not the proper lawsuit. Rec. doc. 48 at 2-3. While Scottsdale acknowledges its role in creating some confusion over the status of the two suits, Young also contributed to the confusion by not raising the issue earlier when she was served with Scottsdale's discovery and its second motion to compel.

It is impossible for the undersigned to address what Longenecker intended with the motion to dismiss. The motion to dismiss and the order, however, are clear and without ambiguity. The motion, the request for relief and the form of order all refer to the dismissal of 07-9716 without

5

prejudice. The motion was made on behalf of Frank Robert Fineran and the Succession, which are the named plaintiffs in 07-7151 (the Longenecker suit). Rec. doc. 21. Scottsdale did not attempt to alter the order of dismissal. By the time Longenecker filed the motions, there were state court judgments placing Frank Fineran in possession of the Copal Street property and any interest that the Succession may have in litigation against Scottsdale.

Inasmuch as the District Judge dismissed 07-9716, the only case in which Young was counsel of record, Young is not required to file a motion to withdraw as counsel of record. It will be recommended that Young be terminated as counsel of record.

Frank Fineran appears in proper person in 07-7151. Although judgments of possession have been filed in state court, the Succession remains a party in 07-7151. If Scottsdale contends that there are procedural issues because of the presence of Frank Fineran and the Succession as parties, it may file a motion.

3. <u>Did Frank Fineran comply with the January 15, 2009 order</u>?

At the time of the January 15, 2009 order, Frank Fineran and the Succession were represented by Longenecker in 07-7151. Because of Longenecker's health, it was not clear that Longenecker and Frank Fineran knew about the second motion to compel. Young was required to send copies of the order to Frank Fineran, Mark Jolissaint (identified as counsel for Frank Fineran on the state court judgments of possession), and Longenecker. In January 2009, Longenecker died. Jolissaint did not respond in any manner to the receipt of the order. Fineran left a voice mail for Young with a request for documents. Rec. doc. 39 at 5. Robert Green enrolled for Frank Fineran. Rec. doc. 33. While enrolled for Frank Fineran, Green served discovery responses on Scottsdale. Rec. doc. 34 (Exhibit 7). Young's affidavit and Robert Green's presence as Frank Fineran's counsel from January 23, 2009

through March 23, 2009, demonstrate that Frank Fineran received the January 15, 2009 order. Since Green's withdrawal, the Clerk's records demonstrate that notices are sent Frank Fineran at the Copal Street property.

Since Green's withdrawal on March 23, 2009, Frank Fineran has not filed anything. There is no evidence that since the issuance of the January 15, 2009 order he has supplied Scottsdale with any information other than the information supplied by Green.

Scottsdale reports that on November 29, 2005 it made an advance payment of $20,000 and a second payment of $65,752.26 on February 16, 2006 for a total of $85,752.26. Rec. doc. 34 at 10.[2] In response to Scottsdale's discovery, Young stated that: (a) since August 29, 2005 a large tree resting on part the roof and in the master bedroom and bath of the Copal Street property was removed at a cost of $22,500; (b) the roof was repaired by a contractor hired by Frank Fineran; (c) the Succession reimbursed him $1,500 for roof repairs; (d) other work was done to repair damages to the property; and (e) all costs for this other work were paid by Frank Fineran. Rec. doc. 34 (Exhibit 9).[3] Scottsdale has not received documentation from Frank Fineran supporting the repairs that Young indicates were made to the Copal Street property.

---

[2] See Rec. doc. 34 (Exhibit 10 at 3 and 6) for confirmation of the Succession's receipt of these payments.

[3] Young's response to Scottsdale's interrogatory no. 5 includes the following:

> All other work has either been performed personally by Frank Fineran or by contractors/laborers hired by and paid by Frank Fineran. The Executrix of the Succession of Robert J. Fineran is informed and believes that other work performed includes removal of damaged Sheetrock from the second floor of the property and, as needed from the first floor of the property; drying out of the property and shoring of the ceiling in the living room (to provide additional support for the upstairs bedroom resulting from damage to the structural integrity of the building as a result of the tree which fell into the master bedroom and additional stress on the front portion of the property caused by the breach of the structural integrity of the building); cleaning of the premises and disposal of debris and damaged personal property; clearing of fallen trees from the premises including stump removal; fence repair and filling of the lot where stumps had been removed.

Rec. doc. 34 (Exhibit 9 at 10-11).

The Road Home documentation reveals that a grant was made of $66,469.55 and there was an elevation allowance of $30,000 for the Copal Street property. Rec. doc. 34 (Exhibit 8). Frank Fineran's answers to Scottsdale's interrogatories report that no money was received from Road Home. Rec. doc. 34 (Exhibit 7 at 4).

A March 17, 2007 affidavit from Frank Fineran was filed with the opposition submitted by Robert Green to Scottsdale's motion. Frank Fineran reports that: (1) he was unaware of any federal court deadlines until he received notice of them from Young; (2) he gave all of his records to Young; (3) he has sought the file from her for over two years; (4) he had an estimate made of repairs to the Copal Street property in April 2006; (5) Longenecker never notified him of the status of the suit; and (6) although he was told that he would receive a Road Home grant of $27,560, he has not received anything. Rec. doc. 41 (Exhibit). This affidavit raises issues concerning the legal representation of Frank Fineran, his conflicts with the Executrix, and his conflicts with Road Home. These issues are not before the Court. What is before the Court are claims for Hurricane Katrina damages to the Copal Street property.

Frank Fineran has not complied with the January 15, 2009 discovery order because he has not fully responded to Scottsdale's discovery. It appears that he made extensive repairs to the property but has not provided Scottsdale with any information regarding them. He has not provided Scottsdale with all documentation regarding his Road Home application. Scottsdale requests that the action be dismissed with prejudice for Frank Fineran's failure to comply the January 15, 2009 discovery order.

In <u>Ricky Raymond, et al v. University of Houston</u>, 275 Fed. Appx. 448, 2008 WL 1881567(5th Cir. 2008), the Fifth Circuit stated that:

> Rule 41(b) provides that if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.

> In other words, Rule 41(b) allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute. We review a district court's dismissal with prejudice for failure to prosecute pursuant to Rule 41(b) for an abuse of discretion. We have recognized, however, that a dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim. Consequently, this Court has limited the district court's discretion in dismissing cases with prejudice.

Id. at 449 (citations and quotation marks omitted). It quoted the following from Berry v. CIGNA/RSI-CIGNA, 975 F.2d1188 (5th Cir. 1992),

> We will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.

Id. at 1190. For dismissals with prejudice, it noted a need for at least one of three aggravating factors. (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. 275 Fed. Appx. at 449.

The record does not demonstrate that the delays were caused by Frank Fineran. However, that situation has changed. Since Young's delivery to him of the January 15, 2009 order, Frank Fineran is on notice of all proceedings and deadlines in this action. Although Scottsdale's discovery has been delayed and it has been put to additional expense, it has not sustained the degree of actual prejudice required for a dismissal of plaintiffs' action. The trial is set for August 17, 2009, the pretrial conference is set for July 14, 2009, and the discovery deadline is June 15, 2009. Rec. doc. 19. Sufficient time remains to complete trial preparation. Any further delay, however, will result in actual prejudice to Scottsdale. Any further delay, however, will demonstrate the presence of intentional conduct by Frank Fineran. Finally, the record does not demonstrate the futility of the employment of lesser sanctions.

9

By **Monday, May 4, 2009**, Frank Fineran shall fully respond to Scottsdale's discovery. For example, Scottsdale demonstrates that it has not received any accounting with supporting documents reporting how the more than $60,000 in insurance proceeds were spent on the Copal Street property or any documentation demonstrating that Scottsdale owes more than the amount it has paid. Scottsdale also demonstrates that Frank Fineran has not produced all documents regarding his Road Home application.

By **Monday, May 4, 2009**, Frank Fineran shall deliver a check payable to Scottsdale in the amount of $500.00 as a sanction for failing to fully comply with the January 15, 2009 discovery order. This sanction will not fully compensate Scottsdale for what it has been required to do, but the sanction has been reduced based on Frank Fineran's affidavit.

**There will be no extensions to these deadlines**. If Scottsdale does not receive complete responses to its discovery by May 4, 2009, it will sustain actual prejudice in its ability to prepare for trial on August 17, 2009.

**If Frank Fineran does not comply with this discovery order, it will be recommended that his action be dismissed with prejudice**.

IT IS ORDERED as follows:

1. Scottsdale's motion for contempt, sanctions and request for report recommending dismissal for failure to prosecute (Rec. doc. 34) is GRANTED in PART and DENIED in PART as provided herein.

2. By **Monday, May 4, 2009**, Frank Fineran shall fully respond to Scottsdale's discovery as provided herein and deliver a check payable to Scottsdale in the amount of $500.00 as a sanction for failing to fully comply with the January 15, 2009 discovery order. **There will**

be no extensions to this deadline.

3. **If Frank Fineran does not comply with this discovery order, it will be recommended that his claims asserted in case number 07-7151 be dismissed with prejudice**.

4. **Within five (5) working days of entry of this order, Young shall deliver all records provided to her by Frank Fineran and all other records in her possession relating to the Copal Street property to Frank Fineran and file a certification in the record that this has been done. Thereafter, the Court shall consider Frank Fineran to be the sole custodian of all records possessed by him or the Succession relating to the property.**

New Orleans, Louisiana, this 13th day of April, 2009.

**SALLY SHUSHAN**
**United States Magistrate Judge**

cc: District Judge Lemelle